**CONSTRUCTION SERVICES OF SAMOA, INC., MORU MANU
and SALLIE MANE, Plaintiffs**

**v.**

**BANK OF HAWAII, TONY'S CONSTRUCTION, and SILA
POASA, Defendants.**

High Court of American Samoa
Trial Division

CA No. 21-02

July 26, 2004

Before Kruse, Chief Justice, Logoai, Chief Associate Judge, and
Atiulagi, Associate Judge

Counsel: For Plaintiffs, Charles V. Ala'ilima
For Defendant Bank of Hawaii, Roy J. D. Hall, Jr.
For Defendants Tony's Construction and Sila Poasa, Frederick
J. O'Brien

ORDER DENYING MOTION FOR RECONSIDERATION AND
MOTION TO STAY

On June 23, 2004, we issued an opinion and order in the instant action.
Plaintiffs Construction Services of Samoa, Inc., Moru Mane, and Sallie
Mane (collectively "Plaintiffs") timely moved for reconsideration or new
trial. Defendant Bank of Hawaii ("BOH"), while not seeking a new trial,
nonetheless moved for a stay of judgment pending appeal. On July 19,
2004, the parties agreed to submit their motions on the briefs.

**I. Plaintiffs moved for reconsideration or new trial arguing four
points of error**

Plaintiffs argue that we erred by applying the general common law
instead of the Hawaii Uniform Commercial Code because the parties
agreed by contract to apply Hawaii law in the absence of American
Samoa law. First, Plaintiffs did not bother to argue how the application

of the Hawaii law would affect the outcome in their favor,[1] although we believe the Opinion is clear enough on this. Second, the absence of American Samoa law submission by Plaintiffs is perplexing in light of A.S.C.A. § 1.0201(4), which adopts "so much of the common law of England as is suitable to conditions in American Samoa. . . ."

Plaintiffs also argue that we made the following three factual errors: our finding that the transaction was a private sale rather than a redemption; our finding that Sila Poasa was not liable for conversion because the transaction was a sale and not a redemption; and, our failure to find the parties deliberately worked together to deprive Plaintiffs of their equipment.

In the Opinion, we noted that there was conflicting evidence on the issue of whether the transaction was a sale or redemption. We believe the evidence indicated a sale and see no compelling reason to find otherwise.

## II. BOH moved for a stay of judgment pending appeal

After thoroughly reviewing all the parties' admissions in this case, we deny Plaintiffs' motion for new trial or reconsideration and deny BOH's motion for a stay of judgment pending appeal.

It is so ordered.

---

[1] *Cf. Kim v. Star-Kist*, 8 A.S.R.2d 146, 150 (App. Div. 1988) ("A motion for new trial is a statutory prerequisite to an appeal. A.S.C.A. § 43.0802. All motions must 'state with particularity the grounds therefor.' T.C.R.C.P. 7. This is particularly important in the case of a motion for new trial, one of whose purposes is to avoid unnecessary appeals by alerting the trial court to possible errors or omissions in its opinion.").